E-FILED
Tuesday, 16 September, 2014  10:02:11 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MARK ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge |
| | ) | Magistrate Judge |
| VILLAGE OF CREVE COEUR, | ) | |
| RICHARD McFALL, and | ) | Jury Demand |
| PETER FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff MARK ANDERSON is a resident of Creve Coeur, Illinois.

5.      Defendant-Officers RICHARD McFALL, Star 4240, and PETER FISHER, are duly appointed and sworn Creve Coeur police officers.

6.      At all times relevant to this Complaint, McFALL and FISHER were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7.      McFALL and FISHER are sued in their individual capacities.

8.      Defendant VILLAGE OF CREVE COEUR, is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of McFALL and FISHER.

**Facts**

9.     On or around August 14, 2014, Plaintiff was walking down a street in Creve Coeur, Illinois.

10.     Plaintiff was wearing the American flag over his clothing, to celebrate the United States of America.

11.     McFall stopped Plaintiff and told him that there had been complaints about him wearing the flag.

12.     McFall told Plaintiff that he needed to remove his flag or he would be arrested.

13.     Plaintiff did not remove his flag.

14.     Plaintiff told McFall he was exercising his First Amendment rights and celebrating his love of America (or words to that effect).

15.     McFall put Plaintiff in his police squad car.

16.     McFall took Plaintiff to the police station.

17.     McFall placed Plaintiff in handcuffs.

18.     McFall seized Plaintiff's American flag.

19.     Later that day, Plaintiff went to speak to Chief of Police Fisher about the incident.

20.     Plaintiff asked Fisher if he could have his American flag back.

21.     Fisher refused to return Plaintiff's flag to him.

22.     There was no legal justification to seize Plaintiff's American flag.

23.     As a direct and proximate result of the acts of Officer McFall and Officer Fisher, described above, Plaintiff suffered damages including loss of liberty, loss of ability to exercise constitutionally protected speech, emotional distress, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

24.     Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25.     Defendant-Officer McFall placed Plaintiff under arrest.

26.     Defendant-Officer McFall did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

27.     The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from

2

unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer McFall,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT II
### (42 U.S.C. § 1983 – First Amendment, Free Speech Violation Claim)

28.      Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein.

29.      The Defendant-Officers' conduct of arresting Plaintiff in retaliation for wearing the American flag, taking his American flag, and refusing to return his flag upon request, deprived and abridged Plaintiff's right to free speech under the First Amendment.

30.      The Defendant-Officers conduct in violation of the First Amendment caused the Plaintiff to suffer damages, including loss of free expression and emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

31.      Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

32.      Defendant-Officers seized Plaintiff's American Flag without legal justification and refused to return it upon Plaintiff's request.

33.      The seizure of Plaintiff's property without legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

<u>**COUNT IV**</u>
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

34.     The acts of Defendant-Officer McFall and Defendant-Officer Fisher described in the above claims were willful and wanton, and committed in the scope of employment.

35.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Creve Coeur is liable for any judgments for compensatory damages in this case arising from Defendant-Officer McFall and Defendant-Officer Fisher's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Village of Creve Coeur to indemnify Defendant-Officer McFall and Defendant-Officer Fisher for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

<u>/s/ Lawrence Jackowiak</u>
*Counsel for Plaintiff*

<u>/s/ Sara Garber</u>
*Counsel for Plaintiff*

Lawrence Jackowiak
Sara Garber
Jackowiak Law Offices
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595